NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FLORIDA INSURANCE GUARANTY          )
ASSOCIATION, INC.,                  )
                                    )
          Appellant,                )
                                    )
v.                                  )   Case No. 2D13-5453
                                    )
DONNA FRANK,                        )
                                    )
          Appellee.                 )
_____     )

Opinion filed February 20, 2015.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pasco County;
W. Lowell Bray, Jr., Judge.

Hinda Klein and Diane H. Tutt of
Conroy, Simberg, Ganon, Krevans,
Abel, Lurvey, Morrow, & Schefer, P.A.,
Hollywood, for Appellant.

George A. Vaka and Nancy A. Lauten of
Vaka Law Group, Tampa, and John E.
"Jed" Thomas of Marshall Thomas
Burnett, Tampa, for Appellee.


NORTHCUTT, Judge.

          Florida Insurance Guaranty Association, Inc., appeals a nonfinal order

compelling an appraisal of a sinkhole claim by Donna Frank. As explained in this

court's recent opinion in Florida Insurance Guaranty Ass'n v. de la Fuente, 40 Fla. L.

Weekly D123 (Fla. 2d DCA Jan. 7, 2015), appraisal is not available under the amended statute applicable to this case.

Few facts are necessary to resolve the limited issue before us. Frank was insured by Homewise Preferred Insurance Company, and she filed suit against Homewise after it denied her claim for sinkhole damage. When Homewise was declared insolvent on November 4, 2011, FIGA assumed responsibility for handling the claim. FIGA later admitted that Frank had a sinkhole loss, but the parties disagreed about the method necessary to repair the damage. Ultimately, the circuit court granted Frank's motion to compel an appraisal, a process provided for in the Homewise insurance policy.

FIGA argues that appraisal is not appropriate under section 631.54(3)(c), Florida Statutes (2011). Part of the FIGA Act, §§ 631.50-.70, Fla. Stat. (2011), this statute excludes from the definition of covered claim "[a]ny amount payable for a sinkhole loss other than testing deemed appropriate by the association or payable for the actual repair of the loss." § 631.54(3)(c). It also prevents FIGA from paying the policyholder directly. Id. In de la Fuente, we addressed a similar case in which FIGA was handling a claim following Homewise's insolvency, and this court held that the 2011 statute was applicable. 40 Fla. L. Weekly at D124 (relying on Fla. Ins. Guar. Ass'n v. Bernard, 140 So. 3d 1023 (Fla. 1st DCA), review denied, No. SC14-1416, 2014 WL 6883868 (Fla. Dec. 5, 2014), to hold that the applicable version of the FIGA Act was the one in effect on the date the insurance company was declared insolvent). Further, de la Fuente held that "requiring FIGA to participate in the appraisal process is at odds with

- 2 -

FIGA's statutory mandate to pay only for the actual cost of repair for a covered sinkhole loss." Id. at D125.

Accordingly, we reverse the nonfinal order compelling appraisal and remand for further proceedings. As this court did in de la Fuente, we certify the following questions of great public importance:

> I. DOES THE DEFINITION OF "COVERED CLAIM" IN SECTION 631.54(3), FLORIDA STATUTES, EFFECTIVE MAY 17, 2011, APPLY TO A SINKHOLE LOSS UNDER A HOMEOWNERS' POLICY THAT WAS ISSUED BY AN INSURER BEFORE THE EFFECTIVE DATE OF THE NEW DEFINITION WHEN THE INSURER WAS ADJUDICATED TO BE INSOLVENT AFTER THE EFFECTIVE DATE OF THE NEW DEFINITION?
>
> II. DOES THE STATUTORY PROVISION LIMITING FIGA'S MONETARY OBLIGATION TO THE AMOUNT OF ACTUAL REPAIRS FOR A SINKHOLE LOSS PRECLUDE AN INSURED FROM OBTAINING AN APPRAISAL AWARD DETERMINING THE "AMOUNT OF LOSS" IN ACCORDANCE WITH THE TERMS OF THE HOMEOWNERS' POLICY OF INSURANCE?

Id.

Reversed and remanded.


SILBERMAN and VILLANTI, JJ., Concur.